MHC 530

FILED JUL 28 AM 11:10 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name WOMACK RODNEY J
(Last) (First) (Initial)

Prisoner Number U-72109

Institutional Address C.S.P. SACRAMENTO P.O. BOX 290066 REPRESA, CA 95671-0066

MMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY JEROME WOMACK
Full Name of Petitioner

vs.

J. WALKER (WARDEN)
Name of Respondent
(Warden or jailor)

Case No. CV 08 3594 (PR)
(To be provided by the clerk of court)

PETITION FOR A WRIT OF HABEAS CORPUS

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

CONTRA COSTA SUPERIOR COURT MARTINEZ
Court Location

(b) Case number, if known 050411512

(c) Date and terms of sentence MARCH 8th, 2005 - 35 YEARS TO LIFE

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ✓ No ____

Where? NEW FOLSOM STATE PRISON P.O. BOX 290066, REPRESA CA. 95671-0066
(Name of Institution) (Address)

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

ONE COUNT OF SECOND DEGREE ROBBERY

3. Did you have any of the following?

Arraignment: Yes ✓ No ____ Preliminary Hearing: Yes ✓ No ____

Motion to Suppress: Yes ✓ No ____

4. How did you plead?

Guilty ____ Not Guilty ✓ Nolo Contendere ____

Any other plea (specify) ____

5. If you went to trial, what kind of trial did you have?

Jury ✓ Judge alone ____ Judge alone on a transcript ____

6. Did you testify at your trial? Yes ____ No ____

7. Did you have an attorney at the following proceedings:

(a) Arraignment Yes ✓ No ____
(b) Preliminary hearing Yes ✓ No ____
(c) Time of plea Yes N/A No N/A
(d) Trial Yes ✓ No ____
(e) Sentencing Yes ✓ No ____
(f) Appeal Yes ✓ No ____
(g) Other post-conviction proceeding Yes ✓ No ____

8. Did you appeal your conviction? Yes ✓ No ____

(a) If you did, to what court(s) did you appeal?

| | | | (Year) | (Result) |
|---|---|---|---|---|
| Court of Appeal | Yes ✓ | No ____ | 2006 | DENIED |
| Supreme Court of California | Yes ✓ | No ____ | 2006 | DENIED |
| Any other court | Yes ✓ | No ____ | 2006 | DENIED |

(b) If you appealed, were the grounds the same as those that you are raising in this petition? Yes ____ No ✓

(c) Was there an opinion? Yes ✓ No ____

(d) Did you seek permission to file a late appeal under Rule 31(a)? Yes ____ No ✓

If you did, give the name of the court and the result:

____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal? Yes ✓ No ____

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court CONTRA COSTA COUNTY SUPERIOR COURT (MARTINEZ)

Type of Proceeding PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific):

a. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON A FIRST APPEAL

b. ________

c. ________

d. ________

Result DENIED Date of Result MARCH 16th 2007

II. Name of Court COURT OF APPEAL, FIRST APPELLATE DISTRICT, DIVISION THREE

Type of Proceeding PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific):

a. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON A FIRST APPEAL

b. ________

c. ________

d. ________

Result DENIED Date of Result MAY 17th, 2007

III. Name of Court CALIFORNIA STATE SUPREME COURT

Type of Proceeding PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific):

a. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON A FIRST APPEAL

b. ______

c. ______

d. ______

Result DENIED Date of Result ______

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court? Yes ____ No ✓

______
(Name and location of court)

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: PETITIONER RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON A FIRST APPEAL WAS VIOLATED WHEN APPELLATE COUNSEL FAILED TO RAISE (CONT. PG 6)

Supporting Facts: APPELLATE COUNSEL WAS AWARE OF THESE FACTS THROUGH TRIAL TRANSCRIPT'S BUT FAILED TO RAISE THE ISSUE ON A FIRST APPEAL. ALL THE ABOVE ISSUE'S 1 THROUGH 6 CAN BE VERIFIED THROUGH PETITIONERS TRIAL TRANSCRIPT'S.

Claim Two: PETITIONER RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON A FIRST APPEAL WAS VIOLATED WHEN APPELLATE COUNSEL FAILED TO RAISE (CONT. PG 6)

Supporting Facts: APPELLATE COUNSEL WAS AWARE OF THESE FACTS THROUGH PRELIMINARY EXAMINATION TRANSCRIPT'S THAT (1) DETECTIVE WILLIAM DEE TESTIFIED THAT AN UNIDENTIFIED PROBATION CLERK TOLD HIM (DETECTIVE) THAT PETITIONER WAS ON FELONY PROBATION WITH THE CONDITION OF A FOUR-WAY (CONT. PG 6)

CLAIM ONE

Continued:....................

All arguable issues on first appeal, thus violating Petitioners right under the Sixth Amendment to The United States Constitution. Appellate counsel refused to raise the issue that both trial court and trial counsels combined actions caused Petitioner undue prejudice for the following reasons: (1) Trial Court excluded two Photo-Lineup spreads in which three eyewitnesses failed to identify Petitioner. (2) Trial Court excluded three signed Admonishment Forms signed personal by three eyewitnesses exonerating Petitioner. (3) Trial court excluded lead investigator, Detective William Dee's Testimony verifying that three eyewitnesses failed to identify Petitioner in two Photo-Lineup spreads, and that all three eyewitnesses personally signed "Admonishment Forms" exonerating Petitioner. (4) Trial Counsel was guilty of In-Effective Assistance because Counsel refused to provide Petitioner with an identification expert witness, an Orthodontist specializing in Cephalometrics, Scientific measurements of dimensions of the head. (5) Trial Counsel was also guilty of ineffective assistance because counsel refused to provide Petitioner with an identification expert witness with expertise in Photographic identification, to compare surveillance camera photograph's of the actual robber with the photographs of Petitioner. (6) Trial Court and Trial Counsel prejudiced Petitioner by refusing Petitioner the right to a defense, the right to present other similar crimes evidence defense to show that Petitioner was not the perpetrator of this pending crime.

CLAIM TWO

All arguable issues on a First Appeal, thus violating Petitioners right under the Sixth Amendment to The United States Constitution. Appellate Counsel refused to raise the issue pursuant to Cal. Penal Code 1538.5 Motion to suppress, which centers around prosecutors expert witness "Marilyn Adamson" Testimony at Petitioners preliminary examination Hearing, in which Marilyn Adamson (1) Testified that her probation clerk "Did Not" inform Detective William Dee that Petitioner was on felony probation with the condition of a four-way search clause! (2) Marilyn Adamson testified that her probation clerk "Did Not" inform Detective Willaim Dee's that Petitioner had search clause conditions because probation clerks are not authorized to give out private, confidential information concerning Petitioners search Clause status to Police Officer's!

SUPPORTING FACTS
CLAIM TWO;

Search Clause; a search clause which Detective William Dee used as probable cause to enter Petitioners residence! (2) Marilyn Adamson testified that her Probation Clerk did not inform Detective William Dee that Petitioner had Four-Way Search Clause conditions, because her Probation Clerks are not authorized to give out private, confidential information concerning Petitioners search clause status to Police Officers!

CLAIM THREE

Petitioners right to Effective Assistance of Appellate Counsel on a First Appeal was violated when Appellate Counsel failed to raise all arguable issues on a First Appeal, thus violating Petitioners right under the Sixth Amendment to The United States Constitution. Appellate Counsel refused to raise the issue that both Petitioners counsel's Michelle Dawson, and Anthony Guy Ashe, refused to discover (bring forth) The Alameda County Probation Department log's, Log's that would have revealed the identity (Name) of The Probation Clerk who speculatively gave Detective William
Dee, his search clause information, information which was Detective Dee's probable cause foundation to enter Appellant residence.

SUPPORTING FACTS
CLAIM THREE;

Appellate Counsel was aware of this fact through Preliminary Examination Transcripts and Trial Transcript's that both Petitioner's Counsels, Michelle Dawson and Anthony Guy Ashe, refused to discover (bring forth) the identity (name) of the unidentified Probation Clerk who speculatively gave Detective William Dee his search clause information, information which was Detective Dee's probable cause foundation to enter Petitioners residence.

CLAIM FOUR

Petitioner's right to effective assistance of Appellate Counsel on a first Appeal was violated when Appellate Counsel failed to raise all arguable issues on a First Appeal, thus violating Petitioners right under the Six Amendment to the United States Constitution. Appellate Counsel refused to raise the issue that both Trial Court and Trial Counsel violated previous Judge Garret Grant In-Limine Ruling (Collateral Estoppel) which prohibited The new trial court from allowing any Photograph's of Petitioner into evidence, but specifically booking photo of Petitioner, Dated January –2004, booking photo of Petitioner, dated February – 2004, Photograph of Petitioner taken with his daughter.

SUPPORTING FACTS
CLAIM FOUR:

Appellate Counsel was aware of the fact that both Trial Court and Trial Counsel violated previous Judge Garret Grant In-Limine Ruling (Collateral Estoppel), In-Limine Trascript's Dated June 21st through 29th 2004, clearly states that no photographs of Petitioner will be allowed into Trial, but specifically booking photo of Petitioner, Date January –2004, Photograph of Petitioner taken with his daughter.

CLAIM FIVE

petitioners right to effective Assistance of Appellate Counsel on a first appeal was violated when Appellate Counsel failed to raise all arguable issues on a first appeal, thus violating Petitioners right under The Six Amendment to the United

States Constitution. Appellate Counsel refused to raise the issue that (1) Both prosecution witnesses Laetitia Mullin and Roy Neighan, In-Court trial identification of Petitioner being the person depicted in Bank Surveillance Camera Photograph's was insufficient, unreliable, and unfounded. and (2) Appellate Counsel was aware of the fact that the prosecution had previously tainted, improperly influenced law abiding citizens (Bank-Tellers) eyewitnesses to unlawfully identify Petitioner as the person depicted in the bank surveillance Camera Photograph's.

SUPPORTING FACTS
CLAIM FIVE:

Appellate Counsel was aware of the fact that trial Transcript's exist which reveals the fact that (1) Both Prosecution witnesses "Laetitia Mullin and Roy Neighan" In-Court Trial Identification of Petitioner being the Person depicted in Bank Surveillance Camera Photograph's was insufficient, unreliable, and unfounded because witnesses Mullin or Neighan did not personally know Petitioner to make the assumption (identification) of Petitioner being the person depicted in The Bank Surveillance Camera Photograph's. and (2) Appellate Counsel was aware of the fact that the prosecution had previously tainted, improperly influenced Bank-Tellers eyewitnesses to unlawfully identify Petitioner as being the person depicted in the Bank Surveillance Camera Photograph's, then the identification of Petitioner by convicted criminals Mullin or Neighan was also tainted, and improperly influenced by the prosecution.

CLAIM SIX:

Petitioner right to effective assistance of Appellate Counsel on a First Appeal was violated when Appellate Counsel
failed to raise all arguable issues on a First Appeal, thus violating Petitioners right under The Six Amendment to the United States Constitution. Petitioner explained personally to Appellate counsel that the two Robbery strikes that Contra Costa County Superior Court used to strike Petitioner out with were in violation of a termed Plea Bargain Agreement that Petitioner accepted on June 21st 1982, with Alameda County Superior Court. Petitioner explained to Appellate Counsel that as part of his Alameda County Superior Court plea bargain Agreement the sentencing Court ruled that the sentencing Transcript's of the Plea Bargain Agreement will be sealed, never to be unsealed. The Court further ruled that Petitioner and Petitioner's Attorney of record "John Bush" both will not be required to personally sign their signatures on No Plea Bargain Agreement Form. The Court stated that these actions will guarantee that the June 21st 1982 Robberies will never be used against Mr. Womack for any future priors or enhancement purposes.

SUPPORTING FACTS
CLAIM SIX:

Appellate counsel was aware of this fact, because there was no sentencing Transcript's or Plea Bargain Agreement Form signed by Petitioner or Petitioner's Attorney of Record for the Alameda County Superior Court June 21st, 1982 Robberies anywhere in Court Records. Petitioner specifically explained these facts to Appellate Counsel, but Appellate Counsel refused to raise this issue. There were simply no Sentencing Transcripts or Plea Bargain Agreement Forms available to determine whether or not Petitioner's Priors were valid for strike purposes, or whether or not Petitioner was advised of his Constitutional Rights when he accepted the Termed Plea Bargain Agreement.

Claim SIX : SEE PAGE 8

Supporting Facts: SEE PAGE 9

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

EVITTS V. LUCEY, (1985) 469 U.S. 396-99; CRANE V. KENTUCKY (1986) 476 U.S. 683
STRICKLAND V. WASHINGTON (1984) 466 U.S. 668; FRANK V. DELAWARE (1978) 43 U.S. 154
ASHE V. SWENSON (1970), 397 U.S. 436; U.S. V. WADE (1967), 388 U.S. 218, 224

Do you have an attorney for this petition? Yes ____ No ✓
If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on JULY, 17, 2008 — Date

Rodney Womack — Signature of Petitioner

(rev. 5/96)

# PROOF OF SERVICE

(C.C.P. §2015.5; 28 U.S.C. §1745

I, RODNEY WOMACK, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

C.S.P SACRAMENTO
P.O. BOX 290066
REPRESA, CA 95671-0066

On, JULY 16th, 2008, I served the following documents:
PETITION FOR WRIT OF HABEAS CORPUS
on the below named individuals by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. 450 GOLDEN GATE AVENUE
P.O. BOX 36060
SAN FRANCISCO, CA
94102

2.

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this JULY day of 16th, 2008, at California State Prison at Sacramento, Represa, California.

(Signature) Rodney Womack
Declarant


RODNEY WOMACK V-72109
C.S.P. SACRAMENTO
P.O. BOX 290066
REPRESA, CA 95671-0066
RECEIVED
JUL 25 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
UNITED STATES DISTRIC
NORTHERN DISTRICT OF CAL
450 GOLDEN GATE AVENUE,
USA FIRST-CLASS FOREVER
USA FIRST